UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
BROWNSTONE AGENCY, INC and MURPHY & JORDAN,
L.L.C.,

                Plaintiffs,

    -against-

EUGENE J. CALLAGHAN, JOHN A. GLOISTEIN, and
E & J AGENCY, INC,

                Defendants.
-----------------------------------x

DOCKET NO.:
1:08-CV-00522-LTS

**ANSWER TO
COUNTERCLAIM**

Plaintiffs, BROWNSTONE AGENCY, INC and MURPHY & JORDAN, L.L.C. ("Plaintiffs,") by their attorneys, Rebore, Thorpe & Pisarello, P.C., as and for Answer to Counterclaim, allege as follows:

**BACKGROUND**

1.    Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the counterclaim.

2.    Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the counterclaim.

3.    Admit the allegations of paragraph "3".

4.    Admit the allegations of paragraph "4".

5.    Admit the allegations of paragraph "5".

6.    Admit the allegations of paragraph "6".

7.    Admit the allegations of paragraph "7".

8.    Admit the allegations of paragraph "8".

9.    Admit the allegations of paragraph "9".

10. Deny each and every allegation contained in paragraph "10" of the counterclaim and deny that any such agreement was made or existed.

11. Deny each and every allegation contained in paragraph "11" of the counterclaim.

12. Deny each and every allegation contained in paragraph "12" of the counterclaim, except admit that Callaghan was employed by Brownstone.

13. The allegations of paragraph "13" are denied pending further investigation.

14. Deny each and every allegation contained in paragraph "14" of the counterclaim.

15. Deny each and every allegation contained in paragraphs "15" of the counterclaim, except admit that Murphy & Jordan Inc. was dissolved and reformed into a limited liability company.

16. The allegations of paragraph "16" are denied pending further investigation.

17. Deny each and every allegation contained in paragraph "17" of the counterclaim.

18. Deny each and every allegation contained in paragraph "18" of the counterclaim.

19. Deny each and every allegation contained in paragraphs "19" of the counterclaim.

20. The allegations of paragraph "20" are denied pending further investigation.

21. The allegations of paragraph "21" are denied pending further investigation.

22. Deny each and every allegation contained in paragraph "22" of the counterclaim.

23. Deny any knowledge of a plan as alleged in paragraph "23" of the counterclaim.

24. Deny each and every allegation contained in paragraph "24" of the counterclaim.

25. Deny any knowledge of a plan as alleged in paragraph "25" of the counterclaim.

26. Deny any knowledge of a plan as alleged in paragraph "26" of the counterclaim.

27. The allegations of paragraph "27" are denied pending further investigation.

28. The allegations of paragraph "28" are denied pending further investigation.

29. The allegations of paragraph "29" are denied pending further investigation.

30. Deny each and every allegation contained in paragraph "30" of the counterclaim.

31. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "31" of the counterclaim.

32. Deny each and every allegation contained in paragraph "32" of the counterclaim.

33. Deny each and every allegation contained in paragraph "33" of the counterclaim.

34. Deny each and every allegation contained in paragraph "34" of the counterclaim.

## COUNT ONE

35. Repeat and reiterate their answer to each and every allegation contained in paragraphs "35" of the complaint, as if set forth herein at length.

36. Admit the allegations of paragraph "36".

37. Deny each and every allegation contained in paragraph "37", except admit that that Mr. Nihan received a salary of approximately $150,000.

38. Deny each and every allegation contained in paragraph "38" of the counterclaim., except admit that Callaghan assumed a portion of Nihan's responsibilities.

39. Deny each and every allegation contained in paragraph "39" of the counterclaim.

40. Deny each and every allegation contained in paragraph "40" of the counterclaim.

41. Deny each and every allegation contained in paragraph "41" of the counterclaim.

42. Deny each and every allegation contained in paragraph "42" of the counterclaim. except admit that Callaghan had some responsibility for procuring and pricing employee benefits.

43. The allegations of paragraph "43" are denied pending

further investigation.

44. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "44" of the counterclaim, except deny that Brownstone did anything improper.

45. Deny each and every allegation contained in paragraph "45" of the counterclaim, except admits that Charles Brown and Geraldine Simone were shareholders and members of Brownstone's Board of Directors, and George Michel was an employee and consultant of Brownstone for a period of time.

46. The allegations of paragraph "46" are denied pending further investigation.

47. Deny each and every allegation contained in paragraph "47" of the counterclaim.

48. Deny each and every allegation contained in paragraph "48" of the counterclaim.

49. Deny each and every allegation contained in paragraph "49" of the counterclaim.

50. Deny each and every allegation contained in paragraph "50" of the counterclaim.

51. Deny each and every allegation contained in paragraph "51" of the counterclaim.

52. Deny each and every allegation contained in paragraph "52" of the counterclaim.

53. Deny each and every allegation contained in paragraph "53" of the counterclaim.

54. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "54" of the counterclaim, except deny any and all allegations of illegal activity.

55. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "55" of the counterclaim, except deny any and all allegations of fraud and/or illegal conduct.

56. Deny each and every allegation contained in paragraph "56" of the counterclaim.

57. Deny each and every allegation contained in paragraph "57" of the counterclaim.

58. Deny each and every allegation contained in paragraph "58" of the counterclaim.

59. Deny each and every allegation contained in paragraph "59" of the counterclaim.

60. Deny each and every allegation contained in paragraph "60" of the counterclaim.

61. Deny each and every allegation contained in paragraph "61" of the counterclaim.

62. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "62" of the counterclaim, except admit that Ms. Vignola and Ms. Brown were not licensed insurance brokers.

63. Admit the allegations of paragraph "63".

64. Deny each and every allegation contained in paragraph "64" of the counterclaim.

65. Deny each and every allegation contained in paragraph "65" of the counterclaim.

66. Deny each and every allegation contained in paragraph "66" of the counterclaim.

67. Deny each and every allegation contained in paragraph "67" of the counterclaim.

68. Deny each and every allegation contained in paragraph "68" of the counterclaim.

69. Deny each and every allegation contained in paragraph "69" of the counterclaim, and deny that there was any request that would cause failure or refusal.

70. Deny each and every allegation contained in paragraph "70" of the counterclaim.

71. Deny each and every allegation contained in paragraph "71" of the counterclaim.

72. Deny each and every allegation contained in paragraph "72" of the counterclaim.

73. Deny each and every allegation contained in paragraph "73" of the counterclaim.

74. Deny each and every allegation contained in paragraph "74" of the counterclaim.

75. The allegations of paragraph "13" are denied pending further investigation.

76. Deny each and every allegation contained in paragraph "76" of the counterclaim.

77. Deny each and every allegation contained in paragraph "77" of the counterclaim, except admit that Callaghan's assistance with the claim was requested.

78. Deny each and every allegation contained in paragraph "78" of the counterclaim.

79. Deny each and every allegation contained in paragraph "79" of the counterclaim.

80. Deny each and every allegation contained in paragraph "80" of the counterclaim.

81. Deny each and every allegation contained in paragraph "81" of the counterclaim, and deny any request was made to memorialize any agreement.

82. Deny each and every allegation contained in paragraph "82" of the counterclaim.

83. Deny each and every allegation contained in paragraph "83" of the counterclaim.

84. Deny each and every allegation contained in paragraph "84" of the counterclaim.

85. Admit the allegations of paragraph "85".

86. Deny each and every allegation contained in paragraph "86" of the counterclaim.

87. Deny each and every allegation contained in paragraph "87" of the counterclaim.

88. Deny each and every allegation contained in paragraph "88" of the counterclaim, and deny that any complaint was made which would require investigation.

89. Deny each and every allegation contained in paragraph "89" of the counterclaim, except admit that Callaghan told Cassara that he was considering leaving Brownstone's employment.

90. The allegations of paragraph "13" are denied pending further investigation.

91. Deny each and every allegation contained in paragraph "91" of the counterclaim.

92. Repeat and reiterate their answer to each and every allegation contained in paragraph "92" of the complaint, as if set forth herein at length.

93. Deny each and every allegation contained in paragraph "93" of the counterclaim.

94. Deny each and every allegation contained in paragraph "94" of the counterclaim, and deny that there was any request to memorialize any agreement.

95. Deny each and every allegation contained in paragraph "95" of the counterclaim.

96. Deny each and every allegation contained in paragraph "96" of the counterclaim.

97. Deny each and every allegation contained in paragraph "97" of the counterclaim, and deny that there was a commission

## COUNT TWO

agreement that required memorializing.

98. Paragraph "98" sets forth a conclusion of law, and is denied to the extent that a factual allegation is alleged.

99. Paragraph "99" sets forth a conclusion of law, and is denied to the extent that a factual allegation is alleged.

100. Deny each and every allegation contained in paragraph "100" of the counterclaim.

## COUNT THREE

101. Repeat and reiterate their answer to each and every allegation contained in paragraph "101" of the complaint, as if set forth herein at length.

102. Deny each and every allegation contained in paragraph "102" of the counterclaim.

103. Deny each and every allegation contained in paragraph "103" of the counterclaim.

104. Deny each and every allegation contained in paragraph "104" of the counterclaim.

105. Deny each and every allegation contained in paragraph "105" of the counterclaim.

106. Deny each and every allegation contained in paragraph "106" of the counterclaim.

107. Deny each and every allegation contained in paragraph "107" of the counterclaim.

108. Deny each and every allegation contained in paragraph "108" of the counterclaim.

109. Deny each and every allegation contained in paragraph "109" of the counterclaim.

110. Deny each and every allegation contained in paragraph "110" of the counterclaim, except admit there was discussions as to Callaghan remaining employed until February 15, 2008.

111. Deny each and every allegation contained in paragraph "111" of the counterclaim.

112. Deny each and every allegation contained in paragraph "112" of the counterclaim, except admit that Callaghan was briefly provided with a list of clients that day, with said list then taken back once Callaghan's purpose for requesting and obtaining said list was learned.

113. Deny each and every allegation contained in paragraph "113" of the counterclaim, since Callaghan had already resigned and Gloistein had already reported his resignation to Callaghan.

114. Deny each and every allegation contained in paragraph "114" of the counterclaim.

115. Deny each and every allegation contained in paragraph "115" of the counterclaim.

116. Deny each and every allegation contained in paragraph "116" of the counterclaim, since there has been no request for payment of commission.

117. Deny each and every allegation contained in paragraph "117" of the counterclaim.

118. Deny each and every allegation contained in paragraph

"118" of the counterclaim.

**AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

**FIRST AFFIRMATIVE DEFENSE**

119. That the defendants' counterclaims, and each of them, fail to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

120. That the defendants' counterclaims, and each of them, are barred by principles of waiver and estoppel.

**THIRD AFFIRMATIVE DEFENSE**

121. That the employment contract between the plaintiffs and the defendants was breached by the defendants.

**FOURTH AFFIRMATIVE DEFENSE**

122. That the plaintiffs did not breach any duty to the defendants.

**FIFTH AFFIRMATIVE DEFENSE**

123. That the defendants' counterclaims, and each of them, are barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

124. That the defendants' counterclaims, and each of them, are barred by the statute of frauds.

**SEVENTH AFFIRMATIVE DEFENSE**

125. That the defendants' counterclaims, to the extent that they seek recovery for wages and/or commissions owed, are barred by defendants' failure to pursue and exhaust appropriate administrative remedies, such that defendants do not have

standing to allege said counterclaim(s) before this Court.

**WHEREFORE**, plaintiffs pray for judgment dismissing the counterclaims of the defendants in their entirety, together with costs and disbursements pertaining thereto, and for such other and further relief as has already been requested as set forth in the plaintiffs' complaint.

Dated: March 5, 2008
       Farmingdale, NY

                          Timothy J. Dunn, III (TD 2349)
                          REBORE, THORPE & PISARELLO, P.C.
                          Attorneys for Plaintiffs
                          500 Bi-County Blvd., Suite 214N
                          Farmingdale, NY 11735
                          631-249-6600

To: Donia Sawwan, Esq. (DS 9338)
    Fox Rothschild LLP
    Attorneys for Defendants
    100 Park Avenue Suite 1500
    New York, New York 10017
    212-878-7900

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the Answer to Counerclaim to be served on Defendants on March 5, 2008, via facsimile, followed by United States Postal Service, Postage Paid First Class Mail, to be postmarked and sent on March 6, 2008, to:

Donia Sawwan, Esq.
Fox Rothschild LLP
100 Park Avenue
Suite 1500
New York, NY 10017

I further certify that the foregoing statements are true, and that any willfully false statement made by me is subject to punishment.

_____
Timothy J. Dunn, III (TD/2349)

Certified this 5th day of March, 2008